621 S.E.2d 661

**In the Matter of Charleston Municipal Court Judge Joseph S. MENDELSOHN, Respondent.**

**No. 26058.**

Supreme Court of South Carolina.

Submitted July 6, 2005.
Decided Oct. 24, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Assistant Deputy Attorney General Robert E. Bogan, both of Columbia, for The Office of Disciplinary Counsel.

Coming B. Gibbs, Jr., of Gibbs & Holmes, and Donald H. Howe of Howe & Wyndham, both of Charleston, for respondent.

PER CURIAM.

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a letter of caution, admonition, or public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR. The facts as set forth in the Agreement are as follows.

## FACTS

Respondent is a municipal court judge for the City of Charleston. At approximately 9:15 p.m. on November 8, 2003, respondent was arrested for driving under the influence (DUI) in Mount Pleasant. Respondent was also charged with having

an open container in his vehicle in violation of South Carolina Code Ann. § 61–6–4020 (Supp.2004).

Respondent was transported to the Mount Pleasant Police Department for paperwork and administration of a Datamaster test. While there, respondent learned that, under procedures established by the Mount Pleasant Chief Municipal Judge, the bond for DUI was $1,002.00, but that bond could not be posted at that time. Instead, under the established procedures, Judge Mendelsohn would be transferred to the Charleston County Detention Facility where he would remain until a bond hearing could be held the next morning at approximately 8:00 a.m.

Respondent knew the Mount Pleasant procedure was not the same as the procedure used in Charleston. In Charleston, an arrestee can post the preset bond and be released without having to wait for a bond hearing. Respondent believed the Mount Pleasant procedure was illegal and questioned the arresting officer, sergeant, and a lieutenant.

Respondent was allowed to use the telephone. He called a Mount Pleasant municipal judge, again questioned the city's procedure, and asked the judge to speak with the sergeant about the bond policy. After speaking with the sergeant, the Mount Pleasant judge explained the policy to respondent.

After first attempting to telephone another Charleston County magistrate, respondent contacted Charleston County Magistrate James B. Gosnell, Jr. Magistrate Gosnell was unfamiliar with the Mount Pleasant bond procedure.

Magistrate Gosnell asked the Mount Pleasant lieutenant why respondent could not be released. After the lieutenant explained the procedure, Magistrate Gosnell remarked that he would go to the bond court and conduct a bond hearing for respondent that night. Magistrate Gosnell asked that respondent be brought directly to bond court rather than first being booked into the detention center. The lieutenant refused to bypass the standard booking procedure, stating respondent would be booked like any other defendant. The lieutenant then advised the arresting officer that Magistrate Gosnell would be at the Charleston County Detention Center to conduct a bond hearing.

Magistrate Gosnell met the arresting officer and respondent at the detention center. At some point, Magistrate Gosnell took possession of the ticket, placed a "bond hearing" stamp on the back, and entered the amount of $1,002.00. Magistrate Gosnell communicated his setting of the bond to the Mount Pleasant Chief Judge and asked the judge to indicate his approval of the bond. The Mount Pleasant Chief Judge called the Charleston County Detention Center and was advised that officers were in possession of a valid bond set by Magistrate Gosnell. The Mount Pleasant Chief Judge told the officers that, since a bond had been set, the bond procedure he had established did not apply. Respondent was released from the Charleston County Detention Center at approximately 2:30 a.m.

Respondent represents his contact with Magistrate Gosnell and others was only for the purpose of determining the validity of the Mount Pleasant bond procedure, which he believed to be illegal, and was not to obtain preferential treatment or to be excused from the established procedure. Respondent acknowledges, however, that his contact with other judges concerning his ability to post bond has the appearance of seeking preferential treatment.

Respondent further represents he did not ask Magistrate Gosnell to set a bond outside the established procedure. Respondent asserts that, although he did have personal contact with Magistrate Gosnell, he was not aware of all of Magistrate Gosnell's actions because he was involved in the booking process at the detention center and, at some point, was placed in a cell.

Additionally, respondent represents his recollection is cloudy inasmuch as he was under the influence of alcohol. Respondent contends he has no personal knowledge as to the individual actions and conversations of Magistrate Gosnell and others and that he learned of their activities only after the complaint in this matter was filed. However, for purposes of this Agreement, respondent does not dispute the allegations.

Respondent agreed to and did forfeit bond on the DUI and open liquor offenses.

To the best of ODC's knowledge, respondent has been forthright and cooperative in this matter.

## *LAW*

■ Respondent used his judicial office to evade the policies of the arresting jurisdiction in order to obtain a non-scheduled bond hearing and early release from jail. His misconduct violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); and Canon 2B (judge shall not lend the prestige of his judicial office to advance the judge's private interests). By violating the Code of Judicial Conduct, respondent has also violated Rule 7(a)(1) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR (it shall be ground for discipline for a judge to violate the Code of Judicial Conduct).

## *CONCLUSION*

■ We accept the Agreement for Discipline by Consent and issue a public reprimand. Accordingly, respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.